EUGENE G. IREDALE, ESQ. (SBN: 75292)
LAW OFFICES OF EUGENE G. IREDALE
105 West "F" Street, 4th Floor
San Diego, California 92101-6036
TEL: (619) 233-1525 FAX: (619) 233-3221
Attorney for Plaintiff Melford Wilson

FILED
09 FEB -5 PM 4:15
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: [signature] DEPUTY

UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELFORD WILSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, a municipal corporation, SAN DIEGO POLICE DEPARTMENT, WILLIAM LANSDOWNE, an individual, KEN DAVIS, an individual, and DOES 1-100 inclusive,<br><br>Defendants. | CASE NO. '09 CV 0219 JLS WMC<br><br>**COMPLAINT FOR:**<br><br>**(1) False Arrest 42 U.S.C. 1983**<br><br>**(2) Excessive Force 42 U.S.C. 1983**<br><br>**(3) Retaliation 42 U.S.C. 1983**<br><br>**(4) False Imprisonment 42 U.S.C. 1983**<br><br>**(5) Malicious Prosecution 42 U.S.C. 1983**<br><br>**(6) Failure to Properly Screen and Hire 42 U.S.C. 1983**<br><br>**(7) Failure to Properly Train 42 U.S.C. 1983 and**<br><br>**(8) Failure to Properly Supervise and Discipline 42 U.S.C. 1983**<br><br>**(9) *Monell* Violation 42 U.S.C. 1983**<br><br>DEMAND FOR JURY TRIAL |

///

///

///

///

COMES NOW, MELFORD WILSON, by his attorney of record, Eugene G. Iredale, and alleges and complains as follows:

## I.

## GENERAL ALLEGATIONS

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of California.

3. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of rights, privileges, and immunities secured to a plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

4. Venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in San Diego, California.

5. The matter in controversy exceeds, exclusive of interest and costs, the jurisdictional minimum of this court of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6. At all times relevant to this complaint, Melford Wilson was an individual residing in San Diego County, California.

7. Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 100, inclusive, and/or is truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

8. These DOE defendants were agents, servants and employees of each other of the other named defendants and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named defendants and each of the defendants had approved or ratified the actions of the other defendants thereby making the currently named defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

9. At all times relevant to this complaint, Defendant CITY OF SAN DIEGO was a municipal corporation operating in San Diego County, California.

10. Defendant WILLIAM LANSDOWNE was the chief of San Diego Police Department and a policy-maker.

11. Defendant KEN DAVIS was a police officer employed by the SAN DIEGO POLICE DEPARTMENT.

12. At some times relevant to this complaint, Defendants DOES 1-100, were San Diego police officers and agents of the CITY OF SAN DIEGO. At some times relevant hereto, these defendants were acting in their professional capacity as San Diego police officers and at other times they were working in their personal capacity as individuals outside the scope of their employment.

13. At all times relevant to this complaint WILLIAM LANSDOWNE was responsible for the training, policy, procedures and actions of the officers in San Diego.

## II.
## FACTS

14. Plaintiffs reallege all prior paragraphs of this complaint and incorporate the same herein by this reference as if those paragraphs were set forth in full herein.

15. On February 16, 2007, Plaintiff Melford Wilson was visiting a friend's home at 4917 Magnus Way in San Diego to watch a basketball game.

16. Mr. Wilson was 43 years old.

17. Another guest of the home may have improperly parked his car on the side of the street.

18. When the owner of the car was notified that the police were outside the home and that they wanted the car removed, the guest left the home at 4917 Magnus Way and moved his car.

19. Defendant KEN DAVIS and DOE Defendants walked up the driveway en mass even though the guest had removed his car from the premises.

20. Plaintiff came outside the home and asked Defendants why they were there after the car had already been moved.

21. There were multiple patrol cars surrounding the home with their lights flashing.

22. The officers demanded entry to the home.

23. Melford Wilson protested Davis' actions and those of the other officers, questioning the propriety of their entry onto private property, and their conduct in addressing the persons present.

24. Mr. Wilson protested that the officers were trespassing and had no legitimate reason for their conduct.

25. Defendant KEN DAVIS approached Mr. Wilson and told Mr. Wilson to take his hands out of his pocket. Mr. Wilson complied.

26. Defendant KEN DAVIS told Mr. Wilson to put his hands in the air. Mr. Wilson complied.

27. Defendant KEN DAVIS told Mr. Wilson to put his hands down. Mr. Wilson complied.

28. Defendant KEN DAVIS then told Mr. Wilson to put his hands in his pocket. Mr. Wilson again complied.

29. Defendant KEN DAVIS told Mr. Wilson to take his hands out of his pocket. Mr. Wilson complied once more.

30. Defendant DAVIS then arrested Mr. Wilson in retaliation for his exercise of his First Amendment rights.

31. Defendant Davis arrested Mr. Wilson without probable cause to believe that Mr. Wilson was committing any offense.

32. In effectuating the arrest and taking Mr. Wilson to the patrol car, Defendant Davis used excessive and unnecessary force.

33. Davis filed a false police report in order to obtain the filing of criminal charges against Mr. Wilson.

34. The charge filed alleged a violation of Penal Code §148(A)(1), (resisting, delaying, or obstructing an officer.)

35. Charges were voluntarily dismissed by the office of the District Attorney at Mr. Wilson's first court appearance and Mr. Wilson therefore prevailed in the criminal action.

## III.
## FIRST CAUSE OF ACTION
### False Arrest - 42 U.S.C. § 1983
### [Against Ken Davis and Does 1-100]

36. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

37. 42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

38. Plaintiff had a firmly established right under the Fourth Amendment to be free from physical abuse, assault, battery, wrongful arrest and detention.

39. At the time of Plaintiff's arrest and detention, Defendants had no probable cause to believe that Plaintiff had committed a crime.

40. Defendants intentionally and unlawfully exercised force or the express or implied threat of force to restrain, detain or confine Plaintiff.

41. Plaintiff was unlawfully arrested and detained.

42. The Defendants authorized, encouraged, directed or assisted officers in either doing an unlawful act or procuring without proper process, Plaintiff's arrest.

43. The restraint, detention, confinement and arrest caused Plaintiff to suffer injury, damage, loss or harm according to proof at the time of trial.

///

///

///

///

///

///

## IV.
## SECOND CAUSE OF ACTION
### Excessive Force – 42 U.S.C. 1983
### [Against Ken Davis and Does 1-100]

44. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

45. Defendants and DOES 1-100, inclusive, acting under color of state law, committed wrongful acts which proximately caused pain and harm to Plaintiff.

46. Specifically, the defendants and DOES 1-100, inclusive, deprived Plaintiff of his rights under the United States Constitution to be free from the use of excessive force by law enforcement, punishment without due process and unlawful stop, search and seizure without reasonable suspicion, probable cause and due process.

47. By these acts, Defendants violated Plaintiff's constitutional rights to be free from excessive force, punishment without due process of law, cruel and unusual punishment, and all rights guaranteed under the Fourth and Fourteenth Amendments.

48. Mr. Wilson had committed no crime and there was no probably cause for his arrest.

49. Defendants used excessive force as alleged above against Plaintiff, with a purpose to cause harm that is unrelated to the legitimate use of force. The force was used to make Plaintiff suffer and to punish him.

50. The force used was unreasonable and performed with a deliberate indifference to the safety and welfare of Mr. Wilson.

51. The act of arresting, handcuffing and pulling Mr. Wilson was objectively unreasonable under the circumstances and no reasonable officer would have considered such use of force to be justified, thereby violating Plaintiff's Fourth Amendment guarantee to be free from unreasonable seizures.

52. The conduct alleged herein violated Plaintiff's rights alleged above thereby resulting in a deprivation of plaintiffs' rights alleged above which has legally, proximately, foreseeably and actually caused plaintiffs to suffer emotional distress, pain and suffering, and further general and special damages according to proof at the time of trial.

## V.
## THIRD CAUSE OF ACTION
**Retaliation – 42 U.S.C. 1983**
**[Against Ken Davis and Does 1-100]**

53. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

54. On February 16, 2007, Plaintiff Melford Wilson was exercising his Constitutional right to ask Defendants why they demanded entry into a home without a warrant or probable cause.

55. Defendants arrested and detained Plaintiff without probable cause in an unlawful and malicious attempt to harass, intimidate and punish Plaintiff for exercising his constitutional rights.

56. As a result, Plaintiff was falsely arrested and detained in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution.

57. The conduct alleged herein violated Plaintiff's rights alleged above thereby resulting in a deprivation of plaintiffs' rights alleged above which has legally, proximately, foreseeably and actually caused plaintiffs to suffer emotional distress, pain and suffering, and further general and special damages according to proof at the time of trial.

## VI.
## FOURTH CAUSE OF ACTION
**False Imprisonment - 42 U.S.C. 1983**
**[Against Ken Davis and Does 1-100]**

58. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

59. On February 16, 2007, Defendant Ken Davis arrested Plaintiff Melford Wilson, causing him to be imprisoned.

60. Mr. Wilson did not consent to the imprisonment.

61. Mr. Wilson was in the county jail overnight when he had committed no crime.

62. There was no lawful basis for Defendant Ken Davis to arrest and imprison Mr. Wilson.

63. Davis had no probable cause to believe Mr. Wilson had committed a crime.

64. As a direct and proximate result of Davis' actions, plaintiff suffered harm to be determined at trial.

**VII.**
**FIFTH CAUSE OF ACTION**
**Malicious Prosecution-42 U.S.C. 1983**
**[Against Ken Davis and Does 1-100]**

65. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

66. Plaintiff Melford Wison was prosecuted for a criminal offense, violation of Penal Code §148(A)(1), Resisting, Delaying, or Obstructing an Officer, that was instigated by Defendant Davis.

67. Based on Davis' false police report, Mr. Wilson was prosecuted by the office of the District Attorney.

68. The criminal case was terminated by the prosecution in favor of the plaintiff by a dismissal.

69. The instigation of prosecution was motivated by malice.

70. The arrest was without probable cause.

71. As a direct and proximate result of Davis' actions, plaintiff suffered harm to be determined at trial.

**VIII.**
**SIXTH CAUSE OF ACTION**
**Failure to Properly Screen and Hire**
**42 U.S.C. § 1983**
**[Against the CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT and WILLIAM LANSDOWNE]**

72. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

73. The CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, and WILLIAM LANSDOWNE, as a matter of custom, practice and policy, failed to adequately and properly screen and hire the defendant employees.

74. The failure of the defendants, the CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, and WILLIAM LANSDOWNE, their agents, servants and employees to properly screen and hire the defendant police officers as a matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the Constitutional rights of plaintiff and done with conscious disregard for the dangers of harm and injury to the plaintiff and others similarly situated.

75. Due to the acts of the defendants, the failure to properly screen and hire police officers and the continued employment of the defendant police officers present a clear and present danger to the residents of the city of San Diego.

76. The lack of adequate screening and hiring practices by the Defendants evince deliberate indifference to the rights of plaintiff and others in his position.

77. Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

78. The conduct alleged herein violated Mr. Wilson's rights alleged above which has legally, proximately, forseeably and actually caused Mr. Wilson to suffer emotional distress, pain and suffering, and further damages according to proof at the time of trial.

## IX.
## SEVENTH CAUSE OF ACTION
### Failure to Properly Train
### 42 U.S.C. § 1983
**[Against the CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT and WILLIAM LANSDOWNE]**

79. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

80. The CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, and Defendant WILLIAM LANSDOWNE, as a matter of custom, practice and policy, failed to maintain adequate and proper training for police officers in the department necessary to educate the officers as to the constitutional rights of arrestees; to prevent the consistent and systematic use of excessive force by arresting officers; and to prevent the excessive force and extra judicial punishment of potential arrestees by officers.

81. The failure of the defendants, the CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, and WILLIAM LANSDOWNE, their agents, servants and employees to properly train the defendant police officers as a matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the Constitutional rights of plaintiff and done with conscious disregard for the dangers of harm and injury to the plaintiff and others similarly situated.

82. These Defendants failed to provide adequate training to police officers that hold the power, authority, insignia, equipment and arms entrusted to them.

83. Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

84. The failure to promulgate or maintain constitutionally adequate policies regarding training was done with deliberate indifference to the rights of plaintiff and others in their position.

85. The constitutionally infirm lack of adequate training as to the officers in this case caused plaintiffs' damages.

## X.
## EIGHTH CAUSE OF ACTION
**Failure to Properly Supervise and Discipline**
**42 U.S.C. § 1983**
**[Against the CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT and WILLIAM LANSDOWNE]**

86. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

87. The CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, and Defendant WILLIAM LANSDOWNE, as a matter of custom, practice and policy, failed to supervise and discipline police officers in order to prevent the consistent and systematic use of excessive force by arresting officers and to prevent the violation of the rights of the arrestees.

88. Defendants failed to provide adequate supervision to police officers that hold the power, authority, insignia, equipment and arms entrusted to them.

89. Said custom, practice and policy included a failure to adequately investigate, supervise and discipline offending officers which fostered the custom, practice and policy within the San Diego police Department which resulted in the above-pled injuries to plaintiffs.

90. Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

91. The failure to promulgate or maintain constitutionally adequate policies regarding investigation, supervision and discipline was done with deliberate indifference to the rights of plaintiff and others in their position.

92. The conduct alleged herein violated Mr. Wilson's rights alleged above which has legally, proximately, forseeably and actually caused Mr. Wilson to suffer emotional distress, pain and suffering, and further damages according to proof at the time of trial.

## XI.
## NINTH CAUSE OF ACTION
### *Monell* Violation
### 42 U.S.C. § 1983
**[Against the CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT and WILLIAM LANSDOWNE]**

93. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

94. The CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, and WILLIAM LANSDOWNE, maintained a custom, policy or practice, within the meaning of Monell, of using excessive force, falsely arresting, imprisoning, and retaliating against citizens who object to the racial profiling, harassment and discriminatory actions by San Diego police officers.

95. These Defendants maintained an unconstitutional policy with respect to arresting and charging citizens who exercise their First Amendment right to object to official misconduct.

96. The conduct alleged herein violated Mr. Wilson's rights alleged above which has legally, proximately, forseeably and actually caused Mr. Wilson to suffer emotional distress, pain and suffering, and further damages according to proof at the time of trial.

///

///

///

///

WHEREFORE, plaintiff pleads for judgment as follows:

1. General damages, including emotional distress, according to proof at the time of trial;
2. Special damages according to proof at the time of trial;
3. Any further declaratory relief as this Court deems just;
4. Prejudgment Interest;
5. Costs of suit incurred herein; and
6. Exemplary damages and attorney fees.

DATED: February 5, 2009

**LAW OFFICES OF EUGENE G. IREDALE**

By:__________________________
Eugene G. Iredale, Esq.,
Attorney for Plaintiff Melford Wilson

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

09 FEB -5 PM 4:15

CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

**I. (a) PLAINTIFFS**

Melford Wilson, an individual

**DEFENDANTS**

City of San Diego; et al.

(b) County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Eugene G. Iredale, 105 West F Street San Diego, Ca 92101, (619)233-1525

Attorneys (If Known)

'09 CV 0219 JLS WMc

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983

Brief description of cause:
Violation of PLantiff's civil rights / Excessive force

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE
02/04/2009

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 5970 AMOUNT $350— APPLYING IFP JUDGE MAG. JUDGE

TB 02/05/09

CP

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 159701 — MB**

**February 05, 2009**
**16:23:22**

**Civ Fil Non-Pris**
USAO #.: 09CV0219 CIVIL FILING
Judge..: JANIS L. SAMMARTINO
Amount.: $350.00 CK
Check#.: 1921

**Total-> $350.00**

FROM: MELFORD WILSON VS
CITY OF SAN DIEGO, ET AL